PER CURIAM.
This disciplinary proceeding is before the Court upon the complaint of The Florida Bar and the report of a referee. The referee found misconduct and recommended disbarment. Respondent has not sought review of the report, nor did he respond to the Bar’s complaint below, nor did he participate in earlier proceedings before a grievance committee. This Court must impose a disciplinary judgment. Art. V, § 15, Fla. Const.; Fla.Bar Integr.R., art. XI, Rule 11.09(3)(f).
The Bar’s complaint alleged that respondent had conspired to import a large amount of marijuana and had thereby violated Disciplinary Rule 1-102(A)(4), which forbids, lawyers to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, and article XI, Rule 11.02(3)(b), which provides that a criminal act is an act of professional misconduct. A second count alleged that respondent had been charged with the crime, was freed on bond, and then failed to appear at a bond increase hearing requested by the state. The complaint alleged that this failure to appear as required by law also violated Disciplinary Rule 1-102(A)(4) and article XI, Rule 11.02(3)(b).
Not having received any response from the lawyer, the referee held a hearing, found the Bar’s allegations to be true, and found the rule violations charged by the Bar. The referee’s findings of misconduct and recommendation of disbarment stand unchallenged before this Court. The record of the evidence suggests that respondent has fled to escape prosecution. Under these circumstances, disbarment is appropriate.
We therefore disbar the respondent from the practice of law in Florida effective upon the filing of this opinion. Costs in the amount of $784.24 are hereby taxed against the Respondent.
It is so ordered.
BOYD, A.C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.